IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: KAREN ROBINSON BROOKS    :

KAREN ROBINSON BROOKS
  Appellant      :

  v.         :  Civil Action No. DKC 09-1408

THE BANK OF NEW YORK MELLON    :
  Appellee
            :

**MEMORANDUM OPINION**

Presently pending in this bankruptcy appeal is a motion by The Bank of New York Mellon ("Bank of New York") to dismiss the appeal filed by Karen Robinson Brooks ("Debtor") as moot. For the reasons that follow, the court will grant Bank of New York's motion and dismiss the appeal as moot.

**I.  Background**

The following statement of facts is undisputed, except where noted. It presents only a partial summary of the facts of the case and focuses on those relevant to whether the controversy is moot. Debtor filed a Voluntary Chapter 7 bankruptcy petition on March 24, 2009. At that time, Debtor owned a residential property located at 9709 Manteo Court, Fort Washington, Maryland 20744 ("the Property"), which was secured by a Deed of Trust held by Bank of New York. On March 30, 2009, Bank of New York moved for relief from the automatic stay provision of 11 U.S.C. § 362(a). Bank of New York alleged that

Debtor was delinquent on her monthly mortgage payments, thereby causing equity in the Property to dissipate, and sought permission to proceed with a foreclosure sale.  Debtor filed opposition papers on April 15, 2009, contesting Bank of New York's claimed status as holder of a Deed of Trust and, consequently, its authority to sell the Property.  A hearing was held before Bankruptcy Judge Wendelin I. Lipp on April 23, 2009.  At the conclusion of that hearing, the bankruptcy court orally granted Bank of New York's motion and, on May 4, 2009, a written order was entered authorizing Bank of New York to proceed with the foreclosure sale.  Debtor, proceeding *pro se*, filed a timely Notice of Appeal on May 14, 2009.

On June 25, 2009, upon learning that a foreclosure sale had been scheduled, Debtor filed an emergency motion to stay the foreclosure sale pending resolution of her appeal.[1]  Debtor's motion for an emergency stay was denied by the bankruptcy court on July 7, 2009.[2]  On July 8, 2009, the bankruptcy court granted Debtor a discharge under 11 U.S.C. § 727.  (Bank. Dkt., Paper

---

[1] This motion was initially improperly filed in this court, which denied the motion without prejudice and ordered that it be transmitted to the bankruptcy court for consideration.  (Paper 4).

[2] There is no indication in the record as to whether the Property has been sold.

41).   On the same date, Bank of New York filed its Motion to Dismiss Appeal as Moot. (Paper 6).

Bank of New York contends that the discharge order has rendered Debtor's appeal moot because the automatic stay at issue on appeal was terminated by operation of law at the time the discharge order was entered.   If Debtor were to prevail on appeal, Bank of New York argues, there would be no remedy available to her; as such, the appeal no longer presents a live controversy.

## II.   Standard of Review

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."   *City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000) (citation omitted).   "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies."   *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (citation omitted).   To survive an assertion that a claim is moot, a party must have suffered an actual injury that "can be redressed by a favorable judicial decision."   *Id*. (citation omitted).   However, "even the availability of a 'partial remedy' is 'sufficient to prevent [a] case from being moot.'"   *Calderon v. Moore*, 518 U.S. 149, 150

(1996) (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992)).

## III. Analysis

The discharge order entered by the bankruptcy court renders Debtor's appeal moot. Debtor's appeal seeks a return to the status quo that existed before Bank of New York filed its motion, a time when she was shielded from debt-collecting activities of creditors by the automatic stay provision of 11 U.S.C. § 362(a). That shield no longer exists, however, and cannot be reinstated.

Pursuant to 11 U.S.C. § 362(c)(2)(C), the automatic stay in effect upon the filing by an individual of a Chapter 7 bankruptcy petition is terminated at the time a discharge is granted. *See Riggs Nat'l Bank of Washington, D.C. v. Perry*, 729 F.2d 982, 986 (4th Cir. 1984) ("the section 362(a) stay continues to run until discharge is granted or denied"). Moreover, bankruptcy courts are without authority to "reinstate a stay which has properly been terminated." *In re Sykes*, 53 B.R. 107, 107 (Bankr.W.D.Va. 1985).

Here, upon entry of the July 8, 2009, discharge order, Debtor could no longer avail herself of the protection of the automatic stay against Bank of New York's efforts to proceed with a foreclosure sale on the Property. Thus, even if the

bankruptcy court were found to have improperly granted Bank of New York's motion to lift the stay, any opinion on that ruling would be advisory. *See Shadduck v. Rodolakis*, 221 B.R. 573, 579 (D.Mass. 1998). As there is not a remedy, in whole or in part, that could redress Debtor's alleged injury, her appeal has been rendered moot.

## III. Conclusion

For the foregoing reasons, Bank of New York's Motion to Dismiss as Moot will be granted. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge